became apparent, to observe the rules of the road, and to exercise proper seamanship. The Bruce's answer says the collision was caused by the bark's attempt to go about where she did, instead of turning southward, and going astern of the tow. The Fish's answer is the same. It is important to observe that neither answer suggests that the bark should have gone further eastward before tacking, as was urged on the argument, and that the Bruce says the bark had run "to the eastern shore" before turning. The allegation that the bark should have gone about earlier, or should have turned southward, and endeavored to go astern of the tow, finds no support in the facts of the case. Her tack was not run out by several hundred yards. She had a right, therefore, to hold her course, and it was her duty to do so until threatened with collision; and then it was proper to make the effort which she did to avoid the danger. Whether the course adopted was the best is unimportant. It is plain that she thought it was. If she was mistaken, however, she is not chargeable on that account. I do not see any evidence whatever of fault on her part. If she should have gone further eastward before changing tack, the respondents are not in position to assert it. Was the tug in fault? I believe she was. It was her plain duty to go astern of the bark. There was nothing, I think, in the way of her doing so. It seems quite evident that she desired to avoid loss of time by change of course, and therefore took the risk of crossing the bark's bows, hoping to get by in time. She took the chances, and must bear the consequences. Had there been anything in the way of turning slightly eastward to go astern, when she saw the bark turn westward, she should have slowed down, and stopped, if necessary. The use of her anchors and those of the ship would have enabled her to do this with safety. I do not think a case is made out against the ship. She cannot properly be charged with fault in failing to cut her hawser, or throw it off. She was justified in relying on the tug to tow her past the bark in safety, and in believing that she would go astern of the bark if necessary, until it was too late for effective action on her part; nor do I see any evidence to justify the charge, under the circumstances, that the ship failed to observe the rules of the road, or to exercise proper seamanship.

---

THE HAMILTON FISH *v.* THE EXCELSIOR.

*(District Court, E. D. Pennsylvania. November 9, 1888.)*

In Admiralty. Libel for damages.

This libel by the ship Hamilton Fish against the bark Excelsior grew out of the same collision referred to in *The Excelsior* v. *The Bruce and The Hamilton Fish, ante,* 271.

*Henry R. Edmunds,* for libelant.

*Chas. Gibbons, Jr., Curtis Tilton,* and *John F. Lewis,* for the Excelsior.

BUTLER, J. What is said in the case of *The Excelsior* v. *The Bruce and The Hamilton Fish, ante,* 271, (just decided,) is referred to as expressing the judgment of the court in this case. The libel must be dismissed, with costs.